THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONALD GRABNER,

            Petitioner,

    v.

SNOHOMISH COUNTY,

            Respondent.

Case No. C09-0013-JCC

ORDER DENYING CERTIFICATE OF
APPEALABILITY

This matter comes before the Court on Petitioner's Motion for a Certificate of
Appealability. (Dkt. No. 11.) Having thoroughly considered Petitioner's Motion and the
relevant record, the Court hereby DENIES the motion for the reasons explained herein.

On April 12, 2010, Petitioner, a state prisoner proceeding pro se, filed a notice of
appeal of this Court's March 23, 2009, dismissal of his application for a writ of habeas corpus.
(Dkt. No. 9.)

The Antiterrorism and Effective Death Penalty Act of 1996 requires a habeas petitioner
appealing the denial of a 28 U.S.C. § 2254 to obtain a certificate of appealability. 28 U.S.C. §
2253(c). Both the Federal Rules of Appellate Procedure and the Ninth Circuit's rules dictate

ORDER
PAGE - 1

1   that a district court should initially decide whether a certificate should issue. See Fed. R. App.

2   P. 22(b)(1) ("In a habeas corpus proceeding in which the detention complained of arises from

3   process issued by a state court . . . the applicant cannot take an appeal unless a circuit justice or

4   a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."); 9th

5   Cir. Rule 22-1(a). A court may issue a certificate of appealability only if the "applicant has

6   made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The

7   Supreme Court has elaborated that a petitioner must show that "reasonable jurists could debate

8   whether . . . the petition should have been resolved in a different manner or that the issues

9   presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*,

10  529 U.S. 473, 484 (2000) (internal quotations omitted). The decision to issue a certificate of

11  appealability turns not on the court's assessment of the applicant's chances for success on

12  appeal, but whether the appeal would raise material and debatable questions. *Miller-El v.*

13  *Cockrell*, 537 U.S. 322, 342 (2003) (courts must focus on "the debatability of the underlying

14  constitutional claim, not the resolution of that debate.").

15       The Court dismissed Petitioner's previous application for habeas corpus because

16  Petitioner had not named a proper respondent, had not demonstrated that he was "in custody"

17  for purposes of § 2254, and had not exhausted his grounds for relief in state court. (Dkt. No. 9

18  at 1.) Now, thirteen months later, Petitioner files a motion that states, in its entirety: "Clerk, I

19  need a Cirtificate [sic] of Appealability for cause # C-09-0013-JCC-BAT as soon as possible."

20       Even if the Court were to overlook Petitioner's delay in requesting a certificate of

21  appealability, his motion is deficient. Reasonable jurists could not debate that Petitioner's

22  application was deficient in the ways listed in the Court's prior order (Dkt. No. 9), and

23  Petitioner offers no challenges to the order whatsoever. The court accordingly declines to issue

24  a certificate of appealability. The court notes, however, that petitioner is permitted to contest

25  the denial of the certificate of appealability on appeal. Fed. R. App. P. 22(b)(1) ("If the district

26  judge has denied the certificate, the applicant may request a circuit judge to issue it.").

ORDER
PAGE - 2

1      Petitioner's Motion for a Certificate of Appealability (Dkt. No. 37) is DENIED.

2      DATED this 25th day of May, 2010.

3

4

5

6      _____

7      John C. Coughenour
       UNITED STATES DISTRICT JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
PAGE - 3